DET 102814

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Micheal A. Darby,
    Petitioner.

-vs-

Jeffrey Woods, Warden,
    Respondent.

Case: 5:17-cv-11144
Judge: O'Meara, John Corbett
MJ: Grand, David R.
Filed: 04-11-2017 At 03:45 PM
HC Derby v Woods (wh)

ATTORNEY GENERAL'S OFFICE
HABEAS CORPUS DIVISION
P.O. BOX 30217
Lansing, MI 48909

Michael A. Darby #578015
(IN PRO SE)
Chippewa Correctional Facility
4269 West M-80
Kincheloe, MI. 49784

## PETITIONER FOR HEABEAS CORPUS

Petitioner, Micheal A. Darby, In Pro Se, moves this Honorable Court pursuant to 28 U.S.C. §2254 to grant Habeas Corpus relief, and says:

1. Petitioner was convicted by a Wayne County Court Jury of assault with intent to do great bodily harm. MCL 750.84, armed robbery MCL 750.529, two counts of felonious assault, MCL 750.82, and Felony firearm MCL 750.227b.

2. Petitioner was sentenced to terms of two hundred and twenty five months to forty years for the robbery conviction, 6 to 10 yrs., for the assault with intent to do great bodily harm conviction, 2 to 4 yrs. each for the felonious assault conviction, all preceded by the mandatory 2 year term for the firearm conviction on August 7, 2013.

3. Petitioner appealed by right to the Michigan Court of Appeals and was denied on June 16, 2015 [COA# 317849]. Petitioner was denied leave in the State Supreme Court on March 29, 2016 [SCt#152053].

1

4. The instant petition for habeas corpus is timely filed, pursuant to 28 U.S.C. §2244, because it is filed within 1 year of the Michigan State Supreme Court order denying leave.

5. **Information about the parties.** Petitioner Michael A. Darby is a citizen of the State of Michigan, currently incarcerated at the Chippewa Correctional Facility in Kincheloe, MI. Petitioner is currently being held as inmate #878015. The Chippewa Correctional Facility is a state prison operated by the State of Michigan in the Northern District of Michigan. Jeffrey Woods is the Warden of the Chippewa Correctional Facility. The Wayne County Circuit Court is operated by the State of Michigan in the Eastern District of Michigan.

6. Petitioner was represented in trial by attorney Bryan Sherer, Petitioner was represented by appellate attorney Neil J. Leithauser in the court of appeals, and Pro Se in the State Supreme Court. Petitioner is now represented Pro Se.

7. Petitioner has raised one issue in his brief in support of this petition. This issue has been fully exhausted through direct appeal. Petitioner's unconstitutional custody. The district court can achieve that end by granting an absolute writ, which itself vacates the unconstitutional judgment and orders the Petitioner's immediate release. Petitioner is being imprisoned unlawfully, based on an unlawful conviction, major constitutional violations, which deprived Petitioner of fundamental fairness, and reflect unreasonable state court proceedings and rulings which fail to follow correct standards established by the United States Supreme Court and are unreasonable in light of the facts on the record.

8. This Court has jurisdiction over the petition and issues raised pursuant to 28 U.S.C. §2241 and 28 U.S.C. § 2254. Where the issue raised is in direct violation of the Constitution and Amendment's of the United States.

9. Petitioner incorporates by reference the Brief in Support of the Petition for Habeas Corpus.

2

WHEREFORE, Petitioner moves this Honorable Court to grant the following:

a) Answer the first and fundamental question of jurisdiction, first, of this court, and then of the state court from which the record will come;

b) If the record discloses that the trial court was without lawful judicial authority. This Honorable court should notice the defect, although the parties make no contention concerning it. If the trial court was without lawful judicial authority to proceed to judgment against Petitioner, this Court has jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the State Court;

c) Require Respondent's to answer the allegations in this Petition and Brief in Support;

d) Order an Evidentiary Hearing or any hearing deemed necessary;

e) Grant an unconditional Writ of Habeas Corpus, vacating the void judgment.

Submitted By,

Date: 2-27-17

Michael Darnsby #378015

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

MICHAEL A. DARBY,
    PETITIONER

                                                        Civil Action

-vs-

JEFFREY WOODS, WARDEN
           RESPONDENT
                              /

ATTORNEY GENERAL'S OFFICE
HEABEAS CORBUS DIVISION
P.O. BOX 30217
Lansing, MI 48909

MICHAEL A. DARBY #878015
(IN PRO SE)
CHIPPEWA CORRECTIONAL FACILITY
4269 West M-80
KINCHELOE, MI 49784
                                        /

## BRIEF IN SUPPORT

## TABLE OF CONTENTS

Index of Authority...                                                    i

Statement of Questions Presented...                                      ii

Standard of Review...                                                    iii

Statement of Case & Facts...                                             1

Argument:

Petitioner was denied His due Process Right to a Fair trial when the Trial Court allowed "other acts" evidence-- relating to an incident which occurred the day after the instant offense in violation of Petitioner's Constitutional Rights to a fair trial under the Sixth Amendment and due process under the Fourteenth Amendment.........5

## RELIEF REQUESTED

WHEREFORE, Petitioner moves this Honorable Court to grant the following relief:

a) Answer the first and fundamental question of jurisdiction, first, of this court, and then of the state court from which the record will come;

b) If the record discloses that the trial court was without lawful judicial authority. This Honorable court should notice the defect, although the parties make no contention concerning it. If the trial court was without lawful judicial authority to proceed to judgment against Petitioner, this Court has jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the State Court;

c) Require Respondent's to answer the allegations in this Petition and Brief in Support;

d) Order an Evidentiary Hearing or any hearing deemed necessray;

e) Grant an unconditional Writ of Habeas Corpus, vacating the void judgment.

Submitted By,

Michael Davely #878615

INDEX OF AUTHORITIES

U.S. Cases

Old Chief v. United States, 519 US 172 (1977)

FEDERAL CASES

United States v. Stain Koster, 633 F2d 719 (CA6, 1980)

Nevers v Killinger, 169 F3d 352 (CA6, 1999).

i

## STATEMENT OF QUESTION PRESENTED

WAS PETITIONER DENIED HIS DUE PROCESS RIGHT TO A FAIR TRIAL WHEN THE TRIAL COURT ALLOWED "OTHER ACTS" EVIDENCE-RELATING TO AN INCIDENT WHICH OCCURRED THE DAY AFTER THE INSTANT OFFENCE IN VIOLATION OF PETITIONER'S CONSTITUTIONAL RIGHTS TO A FAIR TRIAL UNDER THE SIXTH AMENDMENT AND DUE PROCESS UNDER THE FOURTEENTH AMENDMENT?

STATE APPELLATE COURTS ANSWER "NO"

PETITIONER ANSWERS "YES"

## STANDARD OF REVIEW

28 U.S.C. § 2254(d) imposes the following standard of review for habeas corpus cases: An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved in an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determination. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set materially indistinguishable facts. **Williams v Taylor**, 529 US 362, 405-06 (2000). An "unreasonable application occurs" when a "state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case". Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable". Id. at 410-11.

iv

## STATEMENT OF CASE

Petitioner was convicted of 1 count of assault with intent to do great bodily harm, 1 count of armed robbery, 2 counts of felonious assault, and 1 count of felony firearm. Petitioner appealed by right to the Michigan Court of Appeals, and the court affirmed Petitioner's convictions. Petitioner appealed by leave to the Michigan State Supreme Court which denied leave. Petitioner has not filed any other appeals. The petition for writ of habeas corpus is filed within the one year deadline.

## STATEMENT OF FACTS

**Background.**

This is an appeal of right by Michael A. Darby following jury-tried convictions of armed robbery, MCL 750.84, assault with intent to do great bodily harm less than murder, MCL 750.84, two counts of felonious assault, MCL 750.82, and felony firearm, MCL 750.227b(Trial transcript ["TT"], 07/15/2013, verdict, 9-10).

Mr. Darby was sentenced by Wayne County Circuit Lawrence S. Talon to prison terms of two hundred and twenty months to forty years for the robbery conviction, six to ten years for the assault with intent to do great bodily harm conviction, two to four years each for the felonious assault conviction, all preceded by the mandatory two-year term for the firearm conviction (Sentence Transcript ["ST"], 08/07/2013, 35-37).

Judge Talon sentenced Mr. Darby for the robbery conviction within the C-VI grid for Class A offenses, which provided a range for the minimum term of 135 to 225 months (ST, 19; a copy of the Sentencing Information Report ["SIR"] is attached as Appendix A; a copy of the sentencing grid, MCL 77.62, is attached as Appendix C).

1

**Trial**

The charge arose from events occurring at about 3:30pm March 25, 2013, in the area of 5801 Cabot Street in Detroit. Prior to trial, a number of pre-trial motions were heard, as was a hearing on objections to the prosecution's notice of intent to use other-act evidence (Motion hearing, 06/17/2013, 4-14; a copy of the Prosecutor's notice is attached as Appendix B). The trial court held the evidence admissible (Id. at 12-14). The trial court also held that the transcript of Mr. Darby's guilty plea proceeding for an incident occurring March 26, 2013, and involving a robbery of a Heather-Kitz-Miller (Id. at 5, 15-26; read into the trial record at TT, 07/10/2013, 21-27).

Mr. Darby was jointly tried with Co-Defendant Thomas Darby (apparently no relation; see TT, 07/10/2013, 133, 142, testimony of Thomas Darby).

Stanly Sowa testified that he was 80-yrs old, and, on March 25, 2013, he picked up his great-nieces, Alexus and Angelica, from school (TT, 07/09/2013, 31-34). When they arrived home one of the nieces asked Mr. Sowa to pick up a package of candy that she had dropped. Mr. Sowa said he stopped to pick it up and someone grabbed his arm and pushed it behind his back. A second perpetrator stood by armed with a silver handgun (Id. at 34-36). Mr. Sowa's nieces were at the porch area of the house, about eight feet away (Id. at 50).

The person behind him wrestled him to the ground and took his wallet. While sitting on the ground, Mr. Sowa said, he looked up and saw the gunman's hand come down, and the heard a "boom" (Id. at 36, 38-39). He sustained a grazing injury to his upper head and spent four days in the hospital (Id. at 39, 41). During the wrestling with the one perpetrator, his glasses broke and blackened his eyes (Id. at 46).

Mr. Sowa testified that there was no struggle over the gun (Id. at 52). Mr. Sowa could not identify the gunman (Id at 40).

Alexus Bajos ["Alexus"] testified that she was twelve years old and was with Mr. Sowa that day about 3:30pm. After the car was parked she walked to the porch. She saw two males walk up to Mr. Sowa, and saw one of the males point a gun at her and at her sister (Id. at 62, 65, 63).

Alexus went inside and called 911. When she went back outside she saw Mr. Sowa, who was bleeding from his head and was without his glasses (Id. at 63). The family then drove Mr. Sowa to the hospital (Id. at).

At trial, Alexus identified Mr. Darby as the person with the gun (Id. at 66, 92), and she identified Codefendant Thomas Darby as the second person (Id. at 67, 92). Alexus said that after the incident she viewed two physical lineups and one photo lineup; she did not make a identification of Mr. Darby at that time (Id. at 69, 77).

Angelica Bajos ["Angelica"] testified that she was the 11 year old great niece of Mr. Sowa, and the sister of Alexus (Id. at 98). The girls got out of the car and went to the porch, and Agelica asked Mr. Sowa to pick up a bag of candy that she dropped. Two men then ran up to Mr. Sowa, and grabbed him and put his arms behind him. The second man pulled a gun and pointed it at Angelica and her sister; the girls went inside (Id. at 98-99, 100). Angelica said she opened the door to look outside and the gunman again pointed the gun at her; she shut the door again (Id. at 100-101).

Angelica said she later viewed two lineups and in one she identified the gunman. She identified both defendants in the court as being the two perpetrators, (Id. at 102-104). She said the lineup contained two white males (Id. at 116). She acknowledged that when she made an identification at the preliminary examination of Mr. Darby as a perpetrator she was not sure of the identification (Id. at 118). She said at trial she was "pretty sure" Mr. Darby was a perpettrator (Id. at 165, 167).

Detroit Police Officer Jesus Colon testified that he put together the lineups

3

and that Angelica identified Mr. Darby as a perpetrator (Id. at 173, 179, 181).

Officer Colon denied that white males included in the lineup, which, he said, contained one Hispanic and the balance were African Americans (Id. at 230). Heather Kitz-MIller testified that at about 6:00pm on March 26, 2013, she was in a car on St. John Street waiting for her husband; her five-year old child was also in the car (TT, 07/10/2013, 12). She let the child out of the car and then she saw two men running toward her; one of the men held a brush-silver gun and stood some distance, about ten or fifteen feet away. The other man approached her to take her purse; he punched her twice in the face and she let go of the purse (Id. at 13-14). Ms. Kitz-Miller said she heard a gunshot and the perpetrators ran away (Id. at 15-16). She identified Mr. Darby as the person with the gun (Id. at 16). Detroit Police Officer Randolph Sturley testified that on March 27, 2013, he was in a semi-marked vehicle and was involved in a one and one half mile chase of a SUV; the SUV crashed into a garage and the three occupants got out and ran. Officer Sturley said he chased one, Mr. Darby, on foot until Mr. Darby fell and then was arrested. The officer said that during the chase Mr. Darby dropped a gun, a Ruger 45 (Id. at 55, 56-57, 65, 58-59).

In the guilty plea transcript, relating to the March 26, 2013, incident with Ms. Kitz-Miller, Mr. Darby pleaded guilty to armed robbery, felonious assault and felony firearm, and admitted to attempted to rob a lady. He said he had a 9mm gun and fired a shot (Id. at 21027).

Mr. Darby did not testify (Id., waiver, at 1040107). Detroit Police Officer Kristopher White testified that he went to Oakwood Hospital on March 25, 2013, and interviewed Mr. Sowa (Id at 112-114). Mr. Sowa appeared coherent, and he had an injury at his hairline (Id. at 116, 117). He also told the officer that he was struggling with/ for the gun when it went off (Id at 122, 123). The jury convicted Mr. Darby as described above. The assault with intent to do great bodily harm was a

4

lesser/alternative offense of the charged-count of assault with intent to commit murder, of which Mr. Darby was acquitted (TT, 07/15/2013, 9-10).

> PETITIONER WAS DENIED HIS DUE PROCESS RIGHT TO A FAIR TRIAL WHEN THE TRIAL COURT ALLOWED "OTHER ACTS" EVIDENCE--RELATING TO AN INCIDENT WHICH OCCURRED THE DAY AFTER THE INSTANT OFFENSE IN VIOLATION OF PETITIONER'S CONSTITUTIONAL RIGHTS TO A FAIR TRIAL UNDER THE FOURTEENTH AMENDMENT AND DUE PROCESS UNDER THE FOURTEENTH AMENDMENT.

ESTABLISHED LAW

It is settled law that introducing evidence of a defendant's prior bad acts is recognized as creating a high risk that the jury will base its verdict on other misconduct or the presumption that the defendant is a bad man. Old Chief v. United States, 519 US 172 (1977). The Michigan Court of Appeals opined:

> With respect to the issue of intent, Michael's reliance on the larcenous intent for armed robbery is misplaced because the prosecutor did not offer the evidence to establish a larcenous intent. Rather, the evidence was offered for its probative value in determining whether Michael fired the gun intentionally and purposefully, rather than by accident. This was a contested issue at trial because one of the defense theories was that the gun discharged accidently during a struggle. Evidence that Michael committed a similar robbery **the next day** against a female victim who was also accompanied by a child, and that he fired his gun during that offense. The admission of the offense for its relevancy to the issue of intent, as well as identity and a scheme or plan, was not unfairly prejudicial to Micjael because the trial court gave an appropriate instruction advising the jury on the limited permissible purposes of the evidence. [Op. Slip. p. 3]

Petitioner contends that the evidence was (1) admitted for the sole purpose of proving his alleged propensity to commit crimes (2) was not relevant, and, (3) the admission of the evidence outweighed its probative value in view of other means of proof. In the instant

5

case, the trial court's intention is transparent and obvious on the record. It was wholly unnecessary and prejudicial to lay before the jury evidence of an offense subsequent to the instant case that Petitioner had allegedly committed. The court did not admit any evidence of an offense committed prior to the instant case, but rather evidence subsequent to instant charge offense.

The Michigan Court of Appeals decision to U.S. Supreme Court case law and denied Petitioner his right to a fair trial and a right to have the jury pass upon relevant evident, not evidence which the trial court knew would leave a lasting impression upon the jury. United States v. Stainkoeter, 633 F2d 719 (CA6, 1980). Further, The Michigan Court of Appeals ruling involved "an unreasonable determination of the facts in the light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d)(2). The federal court should overturn a state court finding that is to be unreasonable, William v. Taylor, 529 US 362 (2000), as the Court did in Nevers v. Killinger, 169 F3d 352 (CA6, 1999).

### RELIEF REQUESTED

WHEREFORE, Petitioner moves this Honorable Court to grant the following:

a) Answer the first and fundamental question of jurisdiction, first, of this court, and then of the state court from which the record will come;

b) If the record discloses that the trial court was without lawful judicial authority. This Honorable court should notice the defect, although the parties make no contention concerning it. If the trial court was without lawful judicial authority to proceed to judgment against Petitioner, this Court has jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the State Court;

c) Require Respondent's to answer the allegations in this Petition and Brief in Support;

6

d) Order an Evidentiary Hearing or any hearing deemed necessray;

e) Grant an unconditional Writ of Habeas Corpus, vacating the void judgment.

Submitted By,

Date: 2-27-17

Michael Dawby #878905

## PROOF OF SERVICE

I, Michael A. Darby, declare that on this date 2/27/17, I served the enclosed petition to the proceeding party properly addressed to and with first class postage fully affixed or by delivering on a third party commercial carrier for delivery within 3 calander days.

The name and address of party served as follows:

Bill Schuette
Michigan Attorney General
P.O. BOX 30212
525 W. Ottawa
Lansing, MI. 48909

Date: 2-27-17

Michael Darb-748078015
Chippewa Correctional Facility
4269 West M-80
Kincheloe, MI 49784

RECEIVED
APR 1 1 2017
CLERK'OFFICE
DETROIT

United States
For the Easter
Office
Theodore Le
231 west
Detroit, M

U.S. POSTAGE >> PITNEY BOWES
ZIP 49783 $ 002.24⁰
02 1W
0001403170

#878015
_ectional Facility
-80
49784

NO POSTMARK

RECEIVED
APR 11 2017
CLERK'OFFICE
DETROIT

United States District Court
For the Eastern District of michigan
Office of the clerk
Theodore Lewin United States Courthouse
231 West Lafayette Blvd. Room 564
Detroit, Michigan 48226

# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| Case No. 17-11144 | Judge: John Corbett O'Meara | Magistrate Judge: David R. Grand |

| Name of 1st Listed Plaintiff/Petitioner: | Name of 1st Listed Defendant/Respondent: |
|---|---|
| MICHAEL DARBY | JEFFREY WOODS |
| **Inmate Number:** 878015 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:** Chippewa Correctional Facility<br>4269 W. M-80<br>Kincheloe, MI 49784<br>CHIPPEWA COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☒ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☐ IFP *In Forma Pauperis*
- ☒ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ Yes    ☐ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes    ☐ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

MIED (Rev. 07/06) Civil Cover Sheet for Prisoner Cases